[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
James Grant, petitioner, was tried before a jury and was found not
guilty of Murder, but guilty of Felony Murder (a violation of General Statute § 53a-54c which provides for a maximum sentence of life imprisonment [60 years]) and guilty of Robbery in the First Degree (a violation of General Statute § 53a-134 (a) (3) which provides for a maximum sentence of 20 years incarceration). The trial court sentenced the petitioner to 45 years incarceration on the Felony Murder charge and 20 years incarceration on the Robbery charge concurrent, for a net effective sentence of 45 years incarceration. It is this sentence petitioner seeks to have reviewed by the Division.
At the hearing before the Division counsel for the petitioner took issue with the prior representations of the victim's family that the victim had assisted the petitioner prior to his demise.
Counsel for the State represented that the petitioner and the victim were acquaintances and that the victim was stabbed 3 times and his jewelry was taken. Counsel noted that petitioner had been expelled from high school for threatening a teacher and the petitioner was previously convicted of assault in the first degree wherein the victim was shot two times by the petitioner.
The petitioner addressed the Division and indicated that he was only 15 years of age at the time of Assault in the First Degree incident and that he, the petitioner, was the intended victim, and that he acted in self-defense.
The sentencing court noted in its remarks that the petitioner was on probation for the crime of assault in the first degree at the time of the subject offense. The court also indicated that the evidence fully supports the decision of the jury.
The court noted that the victim suffered 3 stab wounds; each three and CT Page 1658 a half inches deep: one penetrated the neck, one perforated the lung and one the liver and that the victim bled to death within a period of five to ten minutes after these wounds were inflicted. The court did note that the jury acquitted the petitioner of murder "which means they found you did not have the intention to cause death."
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23
et seq. and Connecticut General Statute § 51-194 et seq.
Taking into consideration the violent nature of the crime, the criminal history of the defendant, the lack of any acknowledgment for the offense, the sentence imposed is neither inappropriate nor disproportionate.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence is AFFIRMED.
Miano, J.
Ford, J.
Holden, J.
Miano, J., Ford, J., and Holden, J. participated in this decision. CT Page 1659